# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| REGINA PALMER, ) | Civil Action No. 5:10cv00029 |
| ) |
| *Plaintiff* ) | **MEMORANDUM OPINION** |
| v. ) | **& ORDER** |
| ) |
| OAKLAND FARMS, INC., *et al.*, ) |
| ) | By:  Hon. James G. Welsh |
| *Defendants* ) | U. S. Magistrate Judge |

This matter comes before the court on the plaintiff's motion seeking to strike thirteen of the eighteen enumerated defenses pleaded by the defendants in their answer. For the reasons that follow, the motion will be granted in part and denied in part.

### INTRODUCTION

The plaintiff' Regina Palmer, filed this three-count cause of action against Oakland Farms, Inc., and J. Michael Wright, its "managing agent and employee." Alleging wrongful discharge from her position as a milker in violation of Virginia public policy and alleging both gender discrimination and retaliation for protected activity in violation of 42 U.S.C. §§ 2000e *et seq.*, the plaintiff seeks compensatory and exemplary damages, back pay and benefits, attorneys' fees and costs, front pay or reinstatement to her position, and other injunctive relief.

After stating their specific admissions or denials to each of the fifty-six numbered paragraphs in the complaint and generally denying the plaintiff's entitlement to any requested relief, the

defendants "assert[ed]" eighteen "defenses." In response the plaintiff filed her motion seeking to have most of them stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that they were "insufficient" to meet minimal pleading requirements and "d[id] not comply with the pleading requirements" set forth in *Bell Atl. v. Twombly*, 550 U.S. 544 (2007), and in *Ashcroft v. Iqbal*, 566 U.S. ___(2009). The defendants in turn argue that these defenses are adequately pleaded. It is their contention that the pleaded defenses provide fair notice and, therefore, meet the liberal pleading rules established by the Federal Rules of Civil Procedure. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) (the rules require only that the pleading give "fair notice of what the . . . claim is and the grounds upon which it rests"); *Ferguson v. Guyan Mach. Co.*, 1995 U.S.App. LEXIS 1201, *16 (4th Cir. 1995) (the rules "only require that an affirmative defense be definite enough to put the plaintiff on fair notice of its nature").

## STANDARD OF REVIEW

Acting either on motion or *sua sponte*, under Rule 12(f) a "court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The granting of such relief, however, has been long-considered to be "a drastic remedy which is disfavored by the courts and infrequently granted." *Banks v. Realty Mgmt. Serv.*, 2010 U.S. Dist. LEXIS 7501, *2 (quoting with approval *Clark v. Milam*, 152 F.R.D. 66, 70 (SDWVa, 1993)). Traditionally, the standard by which courts judge Rule 12(f) motions imposes "a sizable burden on the movant," and even when "technically appropriate and well-founded," such motions are often "denied in absence of demonstrated prejudice to the moving party." *Clark v. Milam*, 152 F.R.D at 70 (citing *First Financial Sav. Bank v. Am. Bankers Ins. Co.*, 783 F. Supp. 963, 966 (EDNC, 1991);

2

*United States v. Fairchild Indus. Inc.*, 766 F. Supp. 405, 408 (DMd, 1991); *U.S. v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (SDOhio, 1991); *Oppel v. Empire Mut. Ins. Co.*, 92 F.R.D. 494, 498 (SDNY, 1981); and *Kingsrow Enter., Inc. v. Metromedia, Inc.*, 397 F. Supp. 879, 881 (SDNY, 1975)).

Likewise, in reviewing motions to strike defenses, federal courts have traditionally "view[ed] the pleading under attack in a light most favorable to the pleader," *Clark v. Milam*, 152 F.R.D. at 71 (citing *Lirtzman v. Spiegel, Inc.*, 493 F. Supp. 1029, 1031 n.1 (NDIll, 1980), and have stricken the defense only when it has "no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v, United States*, 201 F.2$^d$ 819, 822 (6th Cir. 1953) (citing *Samuel Goldwyn, Inc., v. United Artists Corp.*, 35 F. Supp. 633 (SDNY, 1940); and *Wooldridge Mfg. Co. v. R. G. La Tourneau, Inc.*, 79 F. Supp. 908 (NDCal. 1948)). Moreover, whenever granted, the defendant should generally be given leave to amend. *Banks v. Realty Mgmt. Serv.*, 2010 U.S. Dist. LEXIS 7501, *3 (citing 5C Wright & Miller § 1381 (3$^d$ ed. 2004)).

Nevertheless, defenses may be stricken from pleadings, if they are insufficient as a matter of law, *see FDIC v. Martini*, 1995 U.S. Dist. LEXIS 4420, *3 n.2 (DMd. 1995); if they potentially serve only to cause delay, *see Hcri Trs Acquirer, LLC v. Iwer*, 2010 U.S.Dist. LEXIS 41552, *3 (NDOhio 2010) (citing *Heller Fin., Inc., v. Midwhey Powder Co.*, 883 F.2$^d$ 1286, 1294 (7th Cir. 1989)); if they have no possible relation to the controversy, *see Moore v. Prudential Ins. Co.*, 166 F. Supp. 215, 218 (MDNC, 1958); if they would require "unnecessary time and money . . . litigating invalid, spurious issues" *see Spell v McDaniel*, 591 F. Supp. 1090, 1112 (EDNC, 1984) (quoting

*Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (MDFla. 1976)); or if they fail to meet the pleading requirements of Rules 8 and 9, *see McLemore v. Regions Bank*, 2010 U.S. Dist. LEXIS 25785, *45-46 (MDTenn, 2010) (defenses must meet Rule 8(b) and (c) pleading requirements), *Stowe Woodward, L.L.C. v. Sensor Prods.*, 230 F.R.D. 463, 466-470 (WDVa, 2005) (when applicable defenses must meet the heightened pleading requirements of Rule 9).

## DISCUSSION

Relying principally on the *plausibility standard* set forth in *Bell Atlantic Corp, v. Twombly*, 550 U.S. 544 (2007),[1] and in *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937 (2009),[2] the plaintiff

---

[1] The Twombly case involved a conspiracy claim under Section 1 of the Sherman Act in which the plaintiffs had alleged facts suggesting that the defendant corporations had engaged in parallel market conduct; however, they did not allege specific facts indicating the existence of an actual agreement in restraint of trade, which was an element of the cause of action. *See Twombly* at 553-557. Reversing the Second Circuit's denial of the defendants' Rule 12(b)(6) motion, the Supreme Court held that the plaintiff must plead a set of facts "plausibly suggesting (not merely consistent with)" a Sherman Act violation to survive a motion to dismiss. *Id.* at 557. Although the Court cautioned that it was not overruling *Conley v. Gibson*, 355 U.S. 41 (1957), the seminal "notice pleading" case construing Rule 8(a)(2), it made clear that the *Conley* maxim that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," read literally, sets the minimum pleading bar too low. *See Twombly*, 550 U.S. at 561. ("[A]fter puzzling the profession for 50 years," *Conley's* "no set of facts" refrain "is best forgotten as an incomplete, negative gloss on an accepted pleading standard).

[2] The plaintiff in *Iqbal*, a Pakistani Muslim, was arrested and detained in the days following the attacks of September 11, 2001, and in his complaint he alleged that former U.S. Attorney General and the FBI director had specifically authorizing an unconstitutional detention policy and subjected him to "harsh conditions of confinement on account of his race, religion, or national origin." *Iqbal,* 129 S.Ct. at 1942. "[M]uch like the pleading of conspiracy in *Twombly*," the Court explained, "bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim." *Id.* at 1951 (quoting *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, therefore, such conclusory pleadings are "not entitled to be assumed true." *Id.* at 1951 (citing *Twombly*, 550 U.S. at 554-555). Such bold allegations, the Court cautioned, are not to be rejected "on the ground they are unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation. *Id.* Thus, in *Iqbal*, the Court assigned no weight to the plaintiff's conclusory allegation that either former Attorney General Ashcroft or the FBI Director knowingly and willfully subjected him to harsh conditions of confinement "solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." *Id.* Speaking to the *plausibility* standard set forth in *Twombly*, the Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This standard, the (citing 129 S. Ct. at 1949). "The plausibility standard, the Court continued, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the

in the case now before the court contends in her motion to strike that the following thirteen "Defenses" pleaded by the defendants in their answer fail to meet this minimal pleading standard under Rule 8 of the Federal Rules of Civil Procedure:

> 4. Defendants acted at all times in good faith and with reasonable grounds to believe they were not violating Title VII of the Civil Rights Act of 1964, any public policy of the Commonwealth of Virginia or any other legal duty to Plaintiff.
>
> 5. Defendants' treatment of Plaintiff was, at all times, based upon reasonable and legitimate factors unrelated to sex.
>
> 6. The actions of which Plaintiff complains were justified by legitimate, non-discriminatory business reasons.
>
> 7. At all times concerned with this matter, Defendant acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.
>
> 8  Plaintiff's claim may be barred by Estoppel or Laches.
>
> 9. Plaintiff is barred from relief to the extent she failed to mitigate any damages.
>
> 10. Plaintiff was an employee at will.
>
> 12. Plaintiff's alleged injuries, suffering and/or damages, if any, were caused by her own conduct and not by any violation of her civil rights or any other legal rights.
>
> 13. Defendants assert every defense available to it under Title VII of the Civil Rights Act of 1964.
>
> 14. Plaintiff is not entitled to compensatory damages.
>
> 15. Plaintiff is not entitled to punitive damages.
>
> 16. Defendant took prompt remedial action to remedy any alleged discrimination.

---

line between possibility and plausibility of entitlement to relief.' " *Id*. (quoting *Twombly*, 550 U.S. at 557).

        17.       Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants.

In *Twombly* the Supreme Court held that a complaint, to be minimally compliant with the pleading requirements of Rule 8(a)(2), [3] must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. Although the Supreme Court in *Twombly* reaffirmed the simplified pleading principles embodied in Rule 8(a)(2), it also reaffirmed the pleading obligation of a plaintiff both to give "fair notice" of his claim and the "grounds" of his entitlement to relief. *Id*. at 555-556 n.3 (citing *Conley v. Gibson*, 355 U.S. 41 (1957). At a minimum, therefore, a plaintiff must plead "more than labels and conclusions" or some "formalistic recitation of the elements of a cause of action." *Id*.

In its subsequent decision in *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937 (2009), the Supreme Court articulated the "[t]wo working principles" underling its decision in *Twombly*

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. . . . Rule 8 marks a notable and generous departure from . . . a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id*. at 1949-1950 (citations omitted)

---

[3] Rule 8(a)(2) states that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."

In short, under *Twombly* and *Iqbal* at a minimum a complaint must contain more than labels and conclusions or naked assertions devoid of further factual enhancement. If it does not, it is subject to dismissal pursuant to Rule 12(b)(6). Similarly, in the case at bar if the asserted defenses are to be judged by the same heightened pleading standard, as the majority has concluded, it would appear (as the plaintiff argues) that a number of these defenses are less than minimally adequate and are subject to being stricken pursuant to Rule 12(f). [4] On the other hand if the *Twombly-Iqbal,* analysis is limited to the requirements for stating a claim for relief under Rule 8(a)(2) and the standard for pleading defenses under Rules 8(b)(1)(A) and 8(c) is more relaxed, it would appear (as the defendants argue) that the asserted defenses for the most part are minimally adequate to withstand the plaintiff's Rule 12(f) challenge. [5]

As counsel for all parties acknowledge in their respective memoranda (docket nos 14, 16 and 18), the district courts are divided on whether the heightened pleading standards of *Twombly* and *Iqbol* extend to the pleading of defenses. *See e.g., Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649-650 (DKan. 2009). Although Rule 12(f) motions to strike have been traditionally not favored, each party also recognizes that the striking of a patently insufficient defense serves the useful purpose of expediting the litigation process. *See United States v. Kramer*, 757 F.Supp. 397, 409-410 (DNJ, 1991) (motions to strike are disfavored because of their "dilatory character"); *Van Schouwen v. Connaught Corp.*, 782 F.Supp. 1240, 1245 (NDIll. 1991) ("when the insufficiency of a defense is clearly apparent, a motion to strike can help . . . clear away the clutter"). Likewise, each party recognizes that by any standard affirmative defenses must be set forth only in sufficient detail to

---

[4] *See Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n 15.

[5] *See Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n 14.

give fair notice and thereby prevent surprise. *See United States ex rel. Monahan v. Robert Wood Johnson Univ Hosp. At Hamilton*, 75 Fed. R. Serv.3$^d$ 281 (DNJ, 2009)

With well-reasoned case law authorities on both sides of the issue, neither party's argument can be dismissed as ill-considered or easily rejected. Therefore, the issue in this case turns on relevant policy considerations and principles of fairness.

On its face, the argument accepted by the majority of courts extending the "plausibility" pleading standard of *Twombly* and *Iqbol* to defensive pleadings is compelling. As the plaintiff argues, it neither makes sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case. *See e.g., Hayne v. Green Ford Sales, Inc*., 263 F.R.D. 647, 650 (DKan. 2010); *United States v. Quadrini*, 2007 U.S. Dist. LEXIS 89722, *11-12 (EDMich. 2007). Moreover, "[b]oilerplate defenses clutter docket;" they "create unnecessary work, and "in an abundance of caution" require significant unnecessary discovery. *Safeco Ins. Co. of Am. v. O'Hara Corp*., 2008 U.S.Dist. LEXIS 48399, *2-3 (EDMich. 2008).

On the other hand there also is merit in the defendants' arguments. There may well be occasions when it would be reasonable to impose stricter pleading requirements on a plaintiff who has significant time to develop factual support for its claims, as opposed to a defendant who has only twenty-one days to respond to a complaint and assert any affirmative defenses. *See First Nat'l. Ins'*

*Co. of Am. v. Camps Servs.*, 2009 U.S.Dist. LEXIS 149, *5 (EDMich. 2009). Likewise, as the defendants fairly point-out, by its terms Rule 8(b) makes no mention of *facts*, only a "short and plain" statement of defenses, and by its terms Rule 8(c) similarly requires no factual showing, only that affirmative defenses be "set forth affirmatively." *Compare* Rule 8(a)(2) (a pleading that states a claim for relief must contain . . . "a short and plain statement of the claim showing that the pleader is entitled to relief") *with* Rule 8(b)(1) ("[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it").

Despite these relevant countervailing arguments, the considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal* strongly suggest that the same heightened pleading standard should also apply to affirmative defenses. With complaints and with defenses, the purpose of pleading requirements is the same. It is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case. *See Shinew v. Wszola*, 2009 U.S.Dist. LEXIS 33226, *8 (EDMich. 2009). To require less of a defendant sets the pleading bar far too low. *See generally Moss v. United States Secret Serv.*, 572 F.3$^d$ 962, 968 (9th Cir. 2009).

A requirement that an affirmative defense be pleaded in accordance with the *Twombly-Iqbol* standard simply means than that it be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts. Such a requirement is in no way inconsistent with Rule 8(a)(2)'s "short and plain statement of the claim" language. Likewise, is neither inconsistent with Rule

9

8(b)(1)(A)'s requirement that a defendant "state in short and plain terms its defenses to each claim" nor with Rule 8(d)(1)'s requirement that all pleadings be "simple, concise, and direct."

Moreover, by applying the *Twombly-Iqbol* heightened pleading standard to affirmative defenses, a plaintiff will not be left to the formal discovery process to find-out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense. *See Holtzman v. B/E Aerospace;, Inc.*, 2008 U.S.Dist. LEXIS 42630, *6 (SDFla. 2008) (citing *Stoner v. Walsh*, 772 F.Supp. 790, 800 (SDNY. 1991).

By way of *caveat* it must be noted that litigants do not always know all the facts relevant to their claims or to their defenses until discovery has occurred. Rule 15 of the Federal Rules of Civil Procedure contemplates that motions to amend pleadings on that basis of relevant facts learned during discovery, and such motions should be liberally granted. *E.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lutz v. Phillips Electronic*, 347 Fed. Appx. 773, 777 ( 3rd Cir. 2009) (such amended pleadings may well raise additional claims or defenses).

Likewise, it is not suggested herein that a heightened pleading obligation necessarily requires the assertion of underlying evidentiary facts. A defense may be stated simply and briefly. At a minimum, however, some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant.

# FINDINGS

Based on a review and considering each of the challenged defenses in light of the foregoing principles and conclusions, the following findings are made:

**Defense 4** is a plea of *good faith* and **Defense 5** pleads the absence of improper motive. Each is a condition of the mind statement and complies with the requirements of Rule 9(b).

**Defense 6**, **Defense 7**, **Defense 16** and **Defense 17** are properly subject to being stricken. Each fails to meet the *Twombly-Iqbal* minimum pleading standards; each is too conclusory to provide fair notice to the plaintiff, and each fails to contain a factual basis entitling it to be assumed true.

**Defense 8**'s pleas of "Estoppel and Laches" without more is insufficient to state either of these defenses and are properly subject to being stricken as bare legal conclusions. Even before *Twombly* and *Iqbal* "the word *estoppel* without more [was] not a sufficient statement of a defense." *Telectronics Proprietary, Ltd., v. Medtronic, Inc.*, 687 F.Supp. 832, 841 (SDNY, 1988); *accord Builders Bank v. First Bank & Trust Co.*, 2004 U.S.Dist. LEXIS 5016, *17-18 (NDIll. 2004) (courts have "consistently struck" the defenses of waiver, estoppel and laches "when they are insufficiently pled"). Furthermore, when pleading a defense involving time limitations, it "may [be] helpful to review" Rule 84 and its reference to the Appendix of Forms, including the suggestion in paragraph 6 of Form 30 that the alleged number of years be shown. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. at 651. "Such allegation shows that the pleader at least has some valid premise for asserting the defense and is not merely tossing it into the case like a fish hook without bait." *Id*.

Without suggesting what the plaintiff failed to do, **Defense 9**'s plea of a failure to mitigate damages is properly subject to being stricken on the basis of its failure to meet the *Twombly-Iqbal* minimum pleading standards.

Given the nature of the claims asserted by the plaintiff in her complaint, **Defense 10**'s plea that the plaintiff was an *employee at will* and what in **Defense 12** is in effect the assertion of a contributory negligence defense are without more immaterial, and both are subject to being stricken pursuant to Rule 12(f).

**Defense 13** is also subject to being stricken. This assertion by the defendants of a reserved right to rely upon unpleaded defenses is simply not a defense of any kind, much less an affirmative one. Moreover, it is unnecessary. If a new affirmative defense is revealed during the pretrial discovery process Rule 15(a) permits the defendants to seek leave to amend their answer to assert the defense, and such leave will be liberally granted unless the amendment would somehow cause unfairly prejudice. *Zenith Radio Corp. v. Hazeltine Research, Inc*. 401 U.S. 321, 330-331 (1971).

**Defense 14** and **Defense 15** are simply the defendants' restatement of their denials of the plaintiff's damage claims alresdy put in issue in their answer, and they are properly subject to being stricken. Any asserted defense that is nothing more than a denial of the plaintiff's allegations of legal responsibility is both "unnecessary and inappropriate." *Yash Raj Films (USA), Inc. v. Atlantic Video*, 2004 U.S.Dist. LEXIS 9739, *11 (NDIll. 2004).

### ORDER

For the reasons and pursuant to the findings set forth above the plaintiff's Rule 12(f) motion to strike certain defenses is GRANTED in part; it is DENIED in part, and the defendants are GIVEN LEAVE to file, within twenty (20) days after entry of this order, an amended answer curing the pleading defects noted herein.

**ENTER**: this 24th day of June 2010.

                                                                __s/ James G. Welsh__
                                                            United States Magistrate Judge